IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MAGDA L. AGUIAR-SERRANO,

    **Plaintiff,**

            **v.**                                    **Civil No.** 12-1438 (FAB)

PUERTO RICO HIGHWAYS AND
TRANSPORTATION AUTHORITY, *et
al.*,

    **Defendants.**

OPINION AND ORDER

BESOSA, District Judge.

       Before the Court are the motions to dismiss pursuant to

Federal Rule of Civil Procedure Rule 12(b)(6) ("Rule 12(b)(6)") of

defendants Ruben Hernandez-Gregorat, Brenda I. Gomila-Santiago,

Harold Cortes-Lacaustra, Vanessa L. Collazo-Santiago, and Aaron

Hernandez-Martinez, in their individual capacities.  (Dockets

No. 18, 28 & 40.)  For the reasons discussed below, the Court

**GRANTS** defendants' motions.

**I.    BACKGROUND**

       **A.    Procedural History**

             On August 24, 2012, plaintiff Magda L. Aguiar-Serrano

("plaintiff Aguiar") filed a complaint alleging political

discrimination pursuant to 42 U.S.C. § 1983 ("section 1983").

(Docket No. 1.)  She alleges two constitutional violations

associated with her employment: political discrimination pursuant

to the First Amendment of the United States Constitution, and deprivation of a property interest without due process of law pursuant to the Fifth and Fourteenth Amendments.  Id.  Plaintiff Aguiar sues the defendants for damages and also seeks injunctive relief for reinstatement with benefits and back pay.  Id. at pp. 17-18.  In addition, she asserts that the Court has supplemental jurisdiction over her Commonwealth law claims pursuant to Law 100, articles 1802 and 1803 of the Puerto Rico Civil Code, and the Constitution of Puerto Rico.  Id. at p. 2.

Defendants Hernandez-Gregorat, Gomila-Santiago, and Cortes-Lacaustra filed a motion to dismiss pursuant to Rule 12(b)(6) on August 24, 2012, (Docket No. 18), and defendant Collazo-Santiago joined that motion on January 3, 2013, (Docket No. 40.)  Plaintiff Aguiar filed a response in opposition on September 21, 2012. (Docket No. 27.) Defendant Hernandez-Martinez submitted a separate motion to dismiss pursuant to Rule 12(b)(6) on October 19, 2012, (Docket No. 28), and plaintiff Aguiar opposed the motion on November 5, 2012.[1]  (Docket No. 35.)

---

[1] Defendants submit virtually identical motions; the only substantive disparity between the motion to dismiss of defendants Hernandez-Gregorat, Gomila-Santiago, Cortes-Lacaustra, and Vanessa L. Collazo, and that of defendant Hernandez-Martinez, is the inclusion of a statute of limitations argument in defendant Hernandez-Martinez's brief. (See Docket Nos. 18 & 28.) Similarly, both of plaintiff's responses in opposition are virtually identical. Accordingly, the Court addresses the arguments set forth in both sets of motions collectively.

**B.    Factual Background**

In her complaint, plaintiff Aguiar alleges the following facts:

**1.    Defendants and Their Treatment of Plaintiff Aguiar**

Defendant Puerto Rico Highways and Transportation Authority ("PRHTA") is a public corporation in charge of the construction, operation and maintenance of Puerto Rico highways. (Docket No. 1 at p. 5.)  On or about 1996, PRHTA adopted a set of regulations ("PRHTA Personnel Regulations") that are applicable to employees and other personnel.  Id.  Defendant Hernandez-Gregorat is an engineer-resident of Puerto Rico who was appointed as Executive Director of the PRHTA after the official installation of Governor Luis Fortuño; defendant Gomila-Santago served as the Auxiliary Executive Director of Human Resources at PRHTA; defendant Cortes-Lacaustra was the Executive Director of Infrastructure at PRHTA; and defendant Hernandez-Martinez served as Director of the PRHTA Property Acquisitions Area.  Id. at pp. 6-7.  Defendants Hernandez-Gregorat, Gomila-Santago, Cortes-Lacaustra, and Hernandez-Martinez are all known members and activists of the New Progressive Party for the Commonwealth of Puerto Rico ("the PNP").  Id.

On August 1, 2008, PRHTA's Director of Human Resources publicized Job Announcement No. 2009-0444 for the position of Director of the Legal Division–Property Acquisition.

(Docket No. 1 at p. 7.)  Plaintiff Aguiar applied for the position, and the PRHTA human resources staff confirmed that her name was officially listed in the Eligibility Registry, as required by the PRHTA Personnel Regulations.  Id. at pp. 7-8.  On August 16, 2008, the Eligibility Certification document No. 09-041 listed four candidate names in the Eligibility Registry, one of which was plaintiff Aguiar's name.  Id. at p. 8.  After having complied with all requirements for the Legal Director job, on September 2, 2008 plaintiff Aguiar was informed that she had been selected for the position.  Id. at p. 9.  She began work on September 2, 2008 and successfully completed the six-months probationary period on March 3, 2009.  Id.  Defendant Gomila-Santiago certified plaintiff Aguiar's years of service in government for purposes of the Seniority Registry; as of September 16, 2009, plaintiff Aguiar had approximately 26 years of public service.  Id.

Plaintiff claims to have been "bypassed as Legal Director of the Acquisitions Area" because she was not consulted on ordinary legal matters with respect to land acquisitions and takings for public use proceedings, and that she was consistently excluded from official meetings that directly related to her functions as Legal Director.  Id. at p. 10.  Defendants Hernandez-Gregorat and Hernandez-Martinez allegedly facilitated the process of leaving plaintiff Aguiar "in the dark on matters for which she was ultimately responsible" by communicating directly with officers

under plaintiff Aguiar's supervision.  Id.  This bypassing of plaintiff Aguiar's supervision "depriv[ed] her of the opportunity of adequately and responsibly planning the work to be done by the office."  Id.

### 2.   **Plaintiff Aguiar's Termination**

On February 11, 2010, defendants Gomila-Santiago and Hernandez-Santiago hand-delivered a communication to plaintiff Aguiar from defendant Hernandez-Gregorat.  (Docket No. 1 at p. 10.) The communication notified her of PRHTA's intention to dismiss her. Id.  The notice stated (1) that the Eligibility Certification from which PRHTA hired plaintiff Aguiar contained only four candidates in violation of article 10.6(3) of the Personnel Manual, and (2) that an audit revealed that her recruitment did not comply with certain procedural requirements.[2]  Id. at p. 10.

On April 22, 2010, defendants conducted an informal hearing regarding plaintiff Aguiar's notice of dismissal before external counsel, who was appointed as the Official Examiner. (Docket No. 1 at pp. 12-13.)  At the informal hearing, plaintiff Aguiar's attorney argued that her dismissal was arbitrary and an act of political discrimination, and that it was not proper for her

---

[2] The notification allegedly stated that plaintiff Aguiar's recruitment did not comply with "ORHELA Letter #1 of March 10, 2006 which requires notice to said Office of promotion, recruitment or training so that the most ample publicity is given to the same and thus generate the large number of candidates."  (Docket No. 1 at pp. 10-11.)

to carry the burden of proving the validity of PRHTA's appointment process.  Id. at p. 13.  Plaintiff Aguiar alleges that in the informal hearing, she requested and was improperly denied documents and evidence of similar internal job announcements that resulted in the hiring of an employee from a list of fewer than five eligible candidates.  Id.  She also contends that in violation of the PRHTA Personnel Regulations, PRHTA denied her access to the documents used to generate her appointment and the audit report related to her employment.  Id. at p. 12.  On May 26, 2010, the Official Examiner confirmed the validity of plaintiff Aguiar's dismissal, and on October 13, 2011 defendant Hernandez-Martinez publicly delivered a dismissal letter—dated October 5, 2011—to plaintiff Aguiar "in a hostile, defiant and inappropriate attitude." (Docket No. 1 at p. 13.)

### 3. The Parties' Political Affiliations

According to plaintiff Aguiar, defendants Hernandez-Gregorat, Gomila-Santiago, Cortes-Lacaustra, and Hernandez-Martinez are each known members and activists of the PNP.  (Docket No. 1 at pp. 6–7, 11.)  She claims that defendants "were fully aware" that plaintiff Aguiar is a well-known member and open supporter of the PPD, id. at p. 11, and they "were aware" that she supported Anibal Acevedo-Vila's candidacy, id. at p. 5.  She also contends that defendant Hernandez-Gregorat and his wife "have known and are fully aware of plaintiff [Aguiar]'s PPD affiliation and activism" because

plaintiff Aguiar both supervised defendant Hernandez-Gregorat's wife and reviewed contracts of defendant Hernandez-Gregorat's professional services firm when she was the Legal Director of a previous company.  Id.  Finally, she claims that PRHTA has appointed other employees from Eligibility Registers containing fewer than five candidates, but—unlike plaintiff Aguiar—because those employees were openly known as PNP affiliates, their appointments were not considered null.  Id. at p. 13.

## II.  LEGAL STANDARD

Rule 12(b)(6) allows the Court to dismiss a complaint when a plaintiff fails to state a claim upon which relief can be granted. When considering a motion under Rule 12(b)(6), a "court must view the facts contained in the pleadings in the light most favorable to the nonmovant and draw all reasonable inferences therefrom . . ." R.G. Fin. Corp. v. Vergara-Nuñez, 446 F.3d 178, 182 (1st Cir. 2006).  "[A]n adequate complaint must provide fair notice to the defendants and state a facially plausible legal claim." Ocasio-Hernandez v. Fortuño-Burset, 640 F.3d 1, 11 (1st Cir. 2011). When faced with a motion to dismiss, "[a] plaintiff is not entitled to 'proceed perforce' by virtue of allegations that merely parrot the elements of the cause of action."  Id. at 12 (quoting Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009)).  Any "[n]on-conclusory factual allegations in the complaint[, however,] must . . . be treated as true, even if seemingly incredible."  Ocasio-Hernandez,

640 F.3d at 12 (citing Iqbal, 129 S.Ct. at 1951).  Where those factual allegations "'allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged,' the claim has facial plausibility." Ocasio-Hernandez, 640 F.3d at 12 (quoting Iqbal, 129 S.Ct. at 1949).  Furthermore, a court may not "attempt to forecast a plaintiff's likelihood of success on the merits; 'a well-pleaded complaint may proceed even if . . . a recovery is very remote and unlikely.'" Ocasio-Hernandez, 640 F.3d at 13 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)).  The relevant inquiry, therefore, "focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." Ocasio-Hernandez, 640 F.3d at 13.

## III. DISCUSSION

In their motions to dismiss, defendants argue that plaintiff Aguiar fails to state a claim upon which relief can be granted pursuant to the First, Fifth, and Fourteenth Amendments to the United States Constitution, as well as pursuant to the laws of Puerto Rico.  (Docket Nos. 18 & 28.)  The Court addresses those arguments in turn.

### A.   Plaintiff Aguiar's Section 1983 Claim

Section 1983 allows "a private right of action for violations of federally protected rights." Marrero-Gutierrez v. Molina, 491 F.3d 1, 5 (1st Cir. 2007).  The Supreme Court has held

that section 1983 does not confer substantive rights, "but provides a venue for vindicating federal rights elsewhere conferred." Marrero-Saez v. Municipality of Aibonito, 668 F.Supp.2d 327, 332 (D.P.R. 2009) (citing Graham v. M.S. Connor, 490 U.S. 386, 393-94 (1989)).  In order to state a claim pursuant to section 1983, a plaintiff must plausibly plead (1) that he or she was deprived of a constitutional right; (2) that a "causal connection exists between [defendants' conduct] and the [constitutional deprivation]; and (3) that the challenged conduct was attributable to a person acting under color of state law." Sanchez v. Pereira-Castillo, 590 F.3d 31, 41 (1st Cir. 2009) (citing 42 U.S.C. § 1983).

### 1.   Political Discrimination Pursuant to the First Amendment

The First Amendment[3] to the United States Constitution embodies the right to be free from political discrimination. Barry v. Moran, 661 F.3d 696, 699 (1st Cir. 2011). The First Circuit Court of Appeals has held that that right prohibits government officials from "taking adverse action against public employees on the basis of political affiliation, unless political loyalty is an appropriate requirement of the employment." Ocasio-Hernandez, 640 F.3d at 13 (internal citations omitted).  A prima facie case of political discrimination based on the First

---

[3] The First Amendment states, in relevant part, "Congress shall make no law . . . abridging the freedom of speech . . . or the right of the people to peaceably assemble." U.S. Const. amend. I.

Amendment consists of four elements: "(1) that the plaintiff and defendant have opposing political affiliations, (2) that the defendant is aware of the plaintiff's affiliation, (3) that an adverse employment action occurred, and (4) that political affiliation was a substantial or motivating factor for the adverse employment action." Lamboy-Ortiz v. Ortiz-Velez, 630 F.3d 228, 239 (1st Cir. 2010). Moreover, each defendant's role must be sufficiently alleged to make him or her a plausible defendant. Ocasio-Hernandez, 640 F.3d at 16.

The Court finds that plaintiff Aguiar has failed to state a *prima facie* case of political discrimination. Although she establishes that she and the individual defendants have opposing political affiliations, plaintiff Aguiar has not pled adequate facts to show that defendants themselves had knowledge of her political affiliation or that political affiliation was a substantial or motivating factor for the alleged adverse employment action taken against her.

**a.   Opposing Political Affiliations**

The complaint contains straightforward factual allegations with respect to the first element of a political discrimination claim. Plaintiff Aguiar states that she is an active supporter of the PPD and that the individual defendants are members of the PNP. (See Docket No. 1 at pp. 4-7.) Taking these factual allegations as true, the Court finds adequate factual

material to support a reasonable inference that plaintiff Aguiar
and defendants have opposing political affiliations.

> **b.  Defendants' Knowledge of Plaintiff Aguiar's
> Political Affiliation**

Defendants contend that plaintiff Aguiar has
failed to plead sufficient facts demonstrating their knowledge of
her political affiliation.[4]  The Court agrees.  Plaintiff Aguiar's
complaint merely states that defendants "were fully aware" that she
is a well-known member and open supporter of the PPD, (Docket No. 1
at p. 11), that the defendants "were aware" of her political
support for Anibal Acevedo-Vila, <u>id.</u> at p. 5, and that defendant
Hernandez-Gregorat and his wife "have known and are fully aware of
plaintiff's PPD affiliation and activism."   <u>Id.</u> at p. 11.
Plaintiff Aguiar fails to aver any additional facts regarding how
each of the defendants had knowledge of her PPD affiliation.

According to the First Circuit Court of
Appeals, a plaintiff must plead "discrete factual events" to show

---

[4] The Court directs defendants Hernandez-Gregorat, Gomila-Santiago, and Cortes-Lacaustra to page 8 of their brief, in which they quizzically discuss the Administrator of Juvenile Institutions and a decision not to hire multiple plaintiffs for the 2010-2011 school year.  (Docket No. 18.)  This language leads the Court to wonder whether the drafting attorneys or anyone in their office proofreads their submissions to this Court.  Furthermore, the briefs filed at Docket Nos. 18 and 28 are cookie cutter versions of a motion to dismiss defendants' attorneys submitted to this Court in an entirely different case:  Civil No. 11-1504 at Docket No. 6. The Court admonishes the attorneys about engaging in lazy lawyering. <u>Cf.</u> <u>Mulero-Abreu v. Oquendo-Rivera</u>, 729 F.Supp.2d 498, 510 n.7 (2010).

that defendants were aware of his or her political beliefs. Ocasio-Hernandez, 640 F.3d at 14-15. Sufficient allegations include: (1) that a plaintiff was asked by defendants about the circumstances relating to how the plaintiff obtained his or her job; (2) that the clerical staff directly asked about a plaintiff's political affiliations; and (3) that employees knew about and frequently discussed the political affiliations of their co-workers. Id. at 15. In this case, plaintiff Aguiar does not allege those "discrete factual events" regarding defendants' knowledge of her political leanings. See Ocasio-Hernandez, 640 F.3d at 14-15. She never avers that any of the defendants questioned her about her political affiliation or that the political affiliation of employees at PRHTA was ever shared or discussed. See Acevedo-Concepcion v. Irizarry-Mendez, No. 09-2133 (JAG), 2011 WL 6934791, at *3 (D. Puerto Rico, Dec. 29, 2011) (citing Peñalbert-Rosa v. Fortuño-Burset, 631 F.3d 592, 595 (1st Cir. 2011)). "In any case, we are not required to 'conjure up unpled allegations' to support [a plaintiff's] deficient complaint.'" Acevedo-Concepcion, 2011 WL 6934791, at *3 (citing Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988)). Therefore, even taking into account any "cumulative effect of the factual allegations," plaintiff Aguiar does not plead plausibly that defendants had knowledge of her political affiliation. Accordingly, she fails to meet the second element of a *prima facie*

political discrimination case.   See Ocasio-Hernandez, 640 F.3d
at 15.

### c.   Adverse Employment Action

Plaintiff Aguiar pleads sufficient facts to
meet the third element of a political discrimination claim pursuant
to the First Amendment.   An adverse employment action occurs "if
those actions, objectively evaluated, would place substantial
pressure on even one of thick skin to conform to the prevailing
political view." Rodriguez-Garcia v. Miranda-Marin, 610 F.3d 65,
66 (1st Cir. 2010) (internal citations omitted).   Generally,
discharging or demoting an employee constitutes adverse employment
actions.   Id.   Because plaintiff Aguiar alleges that defendants
discharged her on October 13, 2011, the Court finds that she has
pled sufficient facts to meet the third element of a political
discrimination claim.

### d.   Political Affiliation as a Substantial Factor for Plaintiff Aguiar's Discharge

Defendants contend that plaintiff Aguiar failed
to plead adequately the fourth element of a political
discrimination claim—that her political affiliation was a
substantial factor for her termination.   (Docket No. 18 at p. 8;
Docket No. 28 at p. 8.)   The Court agrees.   To survive a motion to
dismiss, plaintiff Aguiar must plead facts sufficient to support "a
reasonable inference that [her] political affiliation was a
substantial or motivating factor in the defendants' conduct."

Ocasio-Hernandez, 640 F.3d at 16.  This requires her to allege facts specifying the role of each defendant in the adverse employment action.  Id.  The First Circuit Court of Appeals has stated that while a plaintiff is not required to bring forward "smoking gun" evidence, Welch v. Ciampa, 542 F.3d 927, 940 (1st Cir. 2008), he or she must do more than "[m]erely juxtapose a protected characteristic - someone else's politics - with the fact that the plaintiff was treated unfairly." Pequero-Moronta v. Santiago, 464 F.3d 29, 45 (1st Cir. 2006) (internal citations omitted).[5]  Mere conclusory statements that a plaintiff faced an adverse employment action because of his or her political affiliation, however, are insufficient to survive a motion to dismiss.  See id. at 12.

In regard to discriminatory animus, plaintiff Aguiar's complaint contains only "naked assertions devoid of further factual enhancement." Iqbal, 129 S.Ct. at 1949 (internal punctuation omitted).  For example, plaintiff Aguiar argues that defendants came to the "improper decision to get rid of a PPD sympathizer like plaintiff," (Docket No. 1 at p. 12), "upon

---

[5] For example, an adverse employment action that takes place shortly after a change in political administration "unquestionably contributes at the motion to dismiss stage to the reasonable inference that the employment decision was politically motivated." Ocasio-Hernandez, 604 F.3d at 18 (internal citation omitted).  A politically charged work atmosphere may also suggest that a plaintiff's political affiliation was a substantial or motivating factor in the defendants' conduct.  Id. at 17.

information and belief, similarly situated employees affiliated with the PNP have not been treated subject to the same rules and adverse actions to that of employees affiliated with [the PPD]," id., and defendants disregarded her right "to freely associate to the political party of her preference and not to be discriminated against for choosing a different party than that of the present administration and of defendants," id. at p. 15–16. She fails to allege, however, any further facts to support her contentions. Plaintiff Aguiar's allegation that her political affiliation was the motivating factor behind defendants' actions, therefore, are threadbare assertions and boilerplate statements added to her description of the circumstances surrounding her dismissal. (See Docket No. 1.) A plaintiff "may not prevail simply by asserting an inequity and tacking on the self-serving conclusion that the defendant was motivated by a discriminatory animus." Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 53 (1st Cir. 1990) (discussing the no-bald-assertions standard). This is exactly what plaintiff Aguiar does in her complaint.

Further, plaintiff Aguiar's set of facts do not allow for a plausible inference of political discrimination. In Ocasio-Hernandez, the leading First Circuit Court of Appeals case on point, the plaintiffs alleged that defendants (1) had a list of PPD workers who were to be fired, (2) made disparaging remarks about the previous PPD administration, (3) inquired about

plaintiffs' political affiliation, and (4) terminated and replaced plaintiffs in less than ten weeks after the change in political administration.  640 F.3d at 18.  The Ocasio-Hernandez Court of Appeals found those facts sufficient to allow for a plausible inference of political discrimination.  In contrast, nowhere in plaintiff Aguiar's complaint does she allege that the work environment was politically charged or that her political discrimination was even  discussed at PRHTA.  (See Docket No. 1.) Plaintiff Aguiar's conclusory statements do not allow the Court to draw a *plausible* inference that any of defendants' actions occurred because of political discrimination.  While it is *conceivable* that her discharge was due to political discrimination, the Supreme Court "requires that the claims be *plausible*, not merely possible." Acevedo-Concepcion, 2011 WL 6934791, at *4 (citing Ashcroft v. Iqbal, 129 S.Ct. at 1951 (internal punctuation omitted)).

Because plaintiff Aguiar fails to allege sufficient facts to plead plausibly both the second and fourth elements of a *prima facie* case of political discrimination, her First Amendment claim against individual defendants is **DISMISSED WITH PREJUDICE.**

### 2.   Fifth Amendment Claim

Defendants argue that plaintiff Aguiar also fails to state a due process claim pursuant to the Fifth Amendment, and the Court agrees.  (Docket Nos. 18 & 28.)  The Fifth Amendment to the

United States Constitution provides, in pertinent part, that "[n]o person shall . . . be deprived of life, liberty, or property without due process of law." U.S. Const. amend. V.   The First Circuit Court of Appeals has consistently held the Fifth Amendment inapplicable to causes of action against the Commonwealth of Puerto Rico and private persons.  See, e.g., Martinez-Rivera v. Sanchez-Ramos, 498 F.3d 3, 8 (1st Cir. 2007).  Plaintiff Aguiar does not bring suit against the federal government or any federal actors; rather she sues defendants in their individual capacities as employees of the PRHTA.  Accordingly, the Court **DISMISSES WITH PREJUDICE** plaintiff Aguiar's Fifth Amendment claim against the individual defendants.

### 3.  Fourteenth Amendment Claim

The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. For a procedural due process claim to survive the motion to dismiss stage, a plaintiff must plausibly plead that he or she was "[1] deprived of a property interest, [2] by defendants acting under color of state law, and [3] without the availability of a constitutionally adequate process." Maymi, 515 F.3d at 20 (internal citation omitted).  The Due Process Clause guarantees public employees a property interest in their continued employment only if "existing rules or understandings" that "stem from an

Civil No. 12-1438 (FAB)                                            18

independent source such as state law" create a reasonable
expectation that employment will continue. <u>Davila-Aleman v.</u>
<u>Feliciano-Melecio</u>, 992 F. Supp. 91, 96 (D.P.R. 1997) (quoting
<u>Cleveland Bd. of Educ. v. Loudermill</u>, 470 U.S. 532, 538 (1985)).
Under Puerto Rico law, public employees that are categorized as
"career" employees enjoy a property interest in their employment.
<u>See</u> Laws of P.R. Ann. tit 3, § 1465 ("Career employees . . . are
entitled to remain in the service pursuant to the provisions of
§ 1462e of this title."); § 1462e(4) ("The appointing authority may
only . . . remove any career employee for just cause, after having
given written notice of the bringing of charges and . . . his/her
right to request a hearing before action is taken."); <u>Kercado-</u>
<u>Meléndez v. Aponte-Roque</u>, 829 F.2d 255, 262 (1st Cir. 1987)
(holding that Puerto Rico law clearly gives career employees a
property interest in their employment); <u>Colon-Santiago v. Rosario</u>,
438 F.3d 101, 108 (1st Cir. 2006).

        Taking as true plaintiff Aguiar's allegation that
she was a career employee at PRHTA, (Docket No. 1 at pp. 15-16),
the Court concludes that she enjoyed a property interest in her
continued employment. The question at issue thus becomes whether
she has pled sufficient facts showing that she did not receive the
process due to her. The Court finds that she has not and cannot do
so, and accordingly her Fourteenth Amendment claim for procedural
due process fails.

Plaintiff Aguiar contends that she failed to receive the process due to her because the defendants improperly discharged or placed her in an unreasonably inferior work situation and negatively altered her job conditions. Id. at p. 16. That interpretation of the due process owed to her, however, is inaccurate. The minimum process due to a career employee prior to termination is "oral or written notice of the charges against him [or her], an explanation of the employer's evidence, and an opportunity to present his [or her] side of the story." Loudermill, 470 U.S. at 546. This entails "some kind of a hearing and an opportunity to respond to the allegations against the employee." Lopez-Quiñonez v. P.R. Nat'l. Guard, 488 F.Supp.2d 112, 119 (D.P.R. 2007) (internal quotations and citation omitted). In addition, the opportunity to be heard must take place "at a meaningful time" and "in a meaningful manner." See Loudermill, 470 U.S. at 547; Figueroa-Serrano v. Ramos-Alverio, 221 F.3d 1, 5-6 (1st Cir. 2000).

Plaintiff Aguiar's complaint concedes that (1) on February 11, 2010, defendant Hernandez-Gregorat notified plaintiff Aguiar of his intention to dismiss her via a hand-delivered communication, (Docket No. 1 at p. 10), and (2) an informal hearing regarding her notice of dismissal was held on April 22, 2010. Id. at pp. 12-13. At the hearing, which was conducted before external counsel, plaintiff Aguiar was represented by a lawyer and argued

that her dismissal was arbitrary and an act of political
discrimination.  Id. at p. 13.  The Court therefore agrees with
defendants that the face of the complaint demonstrates that
plaintiff Aguiar was given both notice of her termination and an
opportunity to be heard at the informal hearing.[6]  Accordingly, the
Court **DISMISSES WITH PREJUDICE** plaintiff Aguiar's Fourteenth
Amendment claim against the individual defendants in their personal
capacities.

### 4.   Plaintiff Aguiar's Section 1983 Claim Against PRHTA and Defendants in their Official Capacities

The Court notes that individual defendants
Hernandez-Gregorat, Gomila-Santiago, Cortes-Lacaustra, and
Hernandez-Martinez are all sued in both their official and personal

---

[6] Alluding to the fact that she requested and was denied
access to documents to substantiate her position, plaintiff Aguiar
objects to the informal hearing as "a sham" designed to "immunize
the [d]efendants from their unconstitutional and illegal actions."
Id. at p. 12.  The Court finds, however, that the informal hearing
satisfies the due process requirement of an opportunity to be heard
pursuant to the U.S. Constitution.  See Cepero-Rivera v. Fagundo,
414 F.3d 124, 135 (1st Cir. 2005) ("Due process requires only that
the pre-termination hearing fulfill the purpose of an initial check
against mistaken decisions—essentially, a determination of whether
there are reasonable grounds to believe that the charges against
the employee are true and support the proposed action.").  The
possibility that plaintiff Aguiar did not receive the pre-
termination process described in PRHTA's internal regulations fails
to advance her federal process claim.  See Whalen v. Mass. Trial
Court, 397 F.3d 19, 26 (1st Cir. 2005) ("[W]hat process is due is
a question of federal law.");  O'Neill v. Baker, 210 F.3d 41, 49 n.9
(1st Cir. 2000) ("[C]laims involving state procedural guarantees
that are above and beyond constitutional due process requirements
are not properly before us.").  If PRHTA did violate its own
regulations, plaintiff Aguiar may have a cause of action under
state law.  That issue, however, is not currently before the Court.

capacities, (see Docket No. 1 at pp. 6–7), but they only submit their motions to dismiss under their individual—not official—capacities, (see Docket Nos. 18 & 28). Defendant PRHTA did not submit any motion to dismiss plaintiff Aguiar's complaint. Notwithstanding, the Court *sua sponte* finds that plaintiff Aguiar's claims against PRHTA and against defendants in their official capacities must fail for the same reason as those brought against the individual defendants: she fails to plead sufficient facts as to any defendant's liability under section 1983. It is black-letter law "that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." U.S. v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990). A party may not merely "mention a possible argument in the most skeletal way, leaving the Court to do counsel's work, create the ossature for the argument, and put flesh on its bones . . . . Judges are not expected to be mind-readers. Consequently, a litigant has an obligation to spell out its arguments squarely and distinctly, or else forever hold its peace." Id. (internal citations omitted). Accordingly, the Court **DISMISSES WITH PREJUDICE** plaintiff Aguiar's section 1983 action against PRHTA and against all other defendants in their official capacities.

### C.   Plaintiff Aguiar's Supplemental State Law Claims

Because the Court dismisses plaintiff Aguiar's section 1983 action as to all defendants, no federal claim remains

upon which to ground jurisdiction over her Commonwealth law claims.
Further, the Court declines to exercise its supplemental
jurisdiction over those claims.  Accordingly, plaintiff Aguiar's
Commonwealth law claims are **DISMISSED WITHOUT PREJUDICE** pursuant to
28 U.S.C. § 1367(c)(3).

**IV.   CONCLUSION**

For the reasons expressed above, the Court **GRANTS** defendants'
motions to dismiss for failure to state a claim.  Plaintiff
Aguiar's federal claims are **DISMISSED WITH PREJUDICE** and her
Commonwealth law claims are **DISMISSED WITHOUT PREJUDICE**.  This case
is **DISMISSED** in its entirety.  Judgment shall be entered
accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, January 17, 2013.

<u>s/ Francisco A. Besosa</u>
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE